The opinion of the court was delivered by
Breaux, J.
Relators in this application seek to have a suit pending before the District Court dismissed for want of jurisdiction rabione muteriae, and in the alternative, to have the plea of prescription; tendered by them, heard and decided.
Relators concede, as we take it, that, to obtain relief in this proceeding, they must show that they have no remedy by appeal. It devolves upon us to ascertain whether or not, as relates to the amount involved, the relators have a right of appeal.
The defendant, in the case of Bryant vs. Sholars, No. 60,850, in her petition in the District Court for an injunction, alleges that her damages, inconvenience, and resulting injury by the continued exercise of the right of view by relators, will be more than two thousand dollars.
The value of the property, the subject of this dispute, is alleged to be more than five thousand dollars. She has sworn to her allegations regarding the value of this property, and also to her allegations regarding the damages which she avers she will suffer.
On the trial in the District Court, one of the witnesses for the defendant testified that the servitude of view claimed by relators through openings in a wooden wall at or near the dividing line between the two properties, that of the relators and her own, would be the cause of great inconvenience to her.
The judge of the District Court, in answer to the- rule nisi, sets out that he is not aware of any duty he can be required to perform at the present stage of the case; that having signed the judgment, the case and the judgment aire beyond his jurisdiction; that, if there are any errors in the trial of the case, in the ruling, or if the evidence does not sustain the judgment rendered, all can be corrected on appeal.
It is true that forty dollars is the value which plaintiff sets upon one-half the wall in which relators seek to have windows opened, but this is not the exclusive criterion of the jurisdictional amount involved. A servitude of view, in a wall of even less value, may cause damage and injury to an amount much greater than that here alleged. The issues are not reduced to the value of the wall in question. As we take it, if plaintiff were to lose her case, as she avers, the damages by inoonven *1550 ience and deterioration in the value of the property would be the amount alleged, and this is a fair test of the jurisdiction.
In view of the issues presented, there is nothing shown on the part of any one in this case indicating the inflation of the amounts alleged for the purpose of securing' jurisdiction. On the other hand, relators themselves, have alleged damages sufficient to give jurisdiction on appeal.
After the order nisi had been issued, an examination of the different papers resulted in convincing us that the ease can not properly be brought up under our supervisory jurisdiction.
The order nisi is discharged and relators’ application is dismissed at their costs.